UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MADELINE REED, RONALD SUMTER, STEPHANIE PEMBERTON, and CYNTHIA SPENCE, on behalf of themselves and all other similarly situated pension plan participants, and on behalf of the J-CAP PENSION PLAN<br><br>                    Plaintiffs,<br><br>          v.<br><br>QUEENS VILLAGE COMMITTEE FOR MENTAL HEALTH FOR JAMAICA COMMUNITY ADOLESCENT PROGRAM, INC., Plan Administrator, The J-Cap Pension Plan; DIANE GONZALEZ, NANCY BRINN, and NILDA RUIZ, Fiduciaries, The J-Cap Pension Plan; DELAWARE CHARTER GUARANTY AND TRUST COMPANY, d/b/a Principal Trust Company,<br><br>                    Defendants. | Case No.: 1:18-cv-3114-AMD-JO |

**DEFENDANT DELAWARE CHARTER GUARANTY AND TRUST COMPANY, D/B/A PRINCIPAL TRUST COMPANY'S ANSWER TO AND AFFIRMATIVE DEFENSES TO THE QUEENS VILLAGE DEFENDANTS' CROSS-CLAIMS**

Defendant Delaware Charter Guaranty and Trust Company, d/b/a Principal Trust Company ("Principal"), respectfully submits this answer and affirmative defenses to the Queens Village Defendants' Cross Claims.  *See* Dkt. No. 59 at 27.  Principal denies each and every allegation contained in the Cross Claims, except as specifically admitted herein, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, arguments, or characterizations which are contained in any averment or in the Cross Claims as a whole.

1

Principal answers the specific allegations in the Amended Complaint as follows, and the foregoing statements are incorporated into each numbered paragraph of this answer:

## CROSS CLAIMS

Pursuant to Federal Rule of Civil Procedure 13(g), Defendants hereby assert, in the alternative, cross claims for indemnity or contributions against Defendant Delaware Charter Guaranty and Trust Company, d/b/a Principal Trust Company ("Principal"), in the event that Defendants are held liable as a co-fiduciary for any or all of Principal's alleged breaches.

1. Principal cannot be held liable as a co-fiduciary unless Principal committed a breach of fiduciary duty.

> **ANSWER**: Principal states that the allegations in Paragraph 1 represent legal conclusions as to which no response is required. If a response is required, Principal denies the allegations.

2. In the event that any or all of the Queens Village Defendants are held liable as a co-fiduciary, it will be as a result of a breach of fiduciary duty by Principal, for which Principal is primarily, if not exclusively, responsible.

> **ANSWER**: Principal states that the allegations in Paragraph 2 represent legal conclusions as to which no response is required. If a response is required, Principal denies the allegations.

3. The Second Circuit has held that "incorporating traditional trust law's doctrine of contribution and indemnity into the law of ERISA is appropriate." *Chemung Canal Tr. Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 18 (2d Cir. 1991).

> **ANSWER**: Principal admits that the Second Circuit issued the cited decision, but denies that the decision supports the existence of a cognizable cross-claim on behalf of the Queens Village Defendants, or otherwise entitles them to any relief against Principal.

4. Accordingly, in the event that any or all of Queens Village Defendants are held liable as a co-fiduciary, Queens Village Defendants are entitled to indemnification or

contribution from Principal in the amount of any judgment against Queens Village Defendants, including but not limited to any award of damages, fees, costs, or other relief.

    **ANSWER**: Principal states that the allegations in Paragraph 4 represent legal conclusions as to which no response is required. If a response is required, Principal denies the allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Queens Village Defendants fail to state a claim or cause of action upon which relief can be granted.

### Second Affirmative Defense

The Queens Village Defendants' claims are barred in whole or in part by the doctrine of unclean hands.

### Third Affirmative Defense

The Queens Village Defendants' claims are barred in whole or in part by the applicable statute of limitations or repose.

### Fourth Affirmative Defense

The Queens Village Defendants' claims are barred in whole or in part by the doctrines of laches or estoppel.

### Fifth Affirmative Defense

The Queens Village Defendants' claims are barred in whole or in part by the doctrine of waiver and/or by applicable contract.

### Sixth Affirmative Defense

To the extent Plaintiffs have stated a claim on which relief can be granted, the Queens Village Defendants have proximately caused, contributed to, or failed to mitigate any and all

3

losses claimed.

### Seventh Affirmative Defense

This Court does not have subject matter jurisdiction, and cannot provide any relief to the Queens Village Defendants, because the Queens Village Defendants lack standing under Article III of the United States Constitution.

### Reservation of Rights

Principal reserves the right to assert any additional affirmative defenses that may be discovered or disclosed during the course of additional discovery and investigation.

Dated:  September 11, 2020          Respectfully submitted,

  /s/ *Lars C. Golumbic*

Lars C. Golumbic (admitted *pro hac vice*)
Samuel I. Levin (admitted *pro hac vice*)

GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel: (202) 857-0620
E-mail: lgolumbic@groom.com

*Counsel for Defendant Delaware Charter Guarantee and Trust Company d/b/a Principal Trust Company*